UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE and VIRGINIA CARTER et al., *on behalf of themselves and all others similarly situated*, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:18-cv-01962-SEP |
| | ) |
| COMPASS GROUP USA, INC., D/B/A CANTEEN, | ) ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM AND ORDER</u>

Before the Court is the parties' Joint Submission regarding the deposition of Canteen CEO, Peter Fetherston.  Doc. 150.  On November 12, 2021, Plaintiffs filed a Joint Motion for Discovery Conference to resolve a dispute regarding the deposition of Mr. Fetherston.  Doc. 133.  Fetherston is one of three high-level Canteen officers who allegedly directed a survey of Canteen's "two-tier" vending machines, which are the subject of this case.  At the time of filing, David Goldring, Canteen's CFO, had already been deposed and had testified that he, Fetherston, and Michael Coffey, Canteen's CIO, were the sole decisionmakers with respect to the survey.  Doc. 133 at 2.  Plaintiffs thus sought to depose both Coffey and Fetherston to get their perspectives on the survey.  Defendant acquiesced with respect to Coffey, but objected as to Fetherston, citing the apex deposition doctrine.  *Id.* at 3-4.

The apex deposition doctrine prohibits a plaintiff from deposing a high-level corporate officer unless the plaintiff can show that "(1) the executive has unique or special knowledge of the facts at issue, and (2) other less burdensome avenues for obtaining the information sought have been exhausted."  *Drake v. Steak N Shake Operations, Inc.* 2018 WL 3625769, at *1 (E.D. Mo. July 30, 2018) (denying motion to compel deposition of CEO on special knowledge prong) (quoting *Gladue v. Saint Francis Med. Ctr.*, 2014 WL 7205153, at *1 (E.D. Mo. Dec. 17, 2014)

(denying motion on both prongs: CEO did not participate in the plaintiff's termination and thus had no special knowledge of the pertinent facts; plaintiff did not exhaust other measures, such as deposing members of the defendant's leadership team who were involved in the termination)).

On January 18, 2022, the Court held a hearing on the Motion for Discovery Conference. Doc. 145.  The parties informed the Court that Coffey had not yet been deposed.  Because Coffey's deposition might have yielded the information Plaintiffs sought, the Court instructed the parties to proceed with that deposition and, if thereafter Plaintiffs still believed that Fetherston had some unique or special knowledge of the survey, the Court would reconsider Plaintiffs' request to depose Fetherston.

On February 4th, Plaintiffs took the deposition of Coffey, who disagreed with Goldring's testimony regarding his role in the survey decision-making process.  Doc. 150 at 2. Plaintiffs thereafter filed this Joint Submission requesting that the Court order Fetherston's deposition.  Plaintiffs argue that Fetherston, as one of three alleged decisionmakers, has unique knowledge as to the decision-making process regarding the survey, especially in light of Coffey's testimony that it was really Fetherston and Goldring who made the decisions. Plaintiffs further argue that, by conducting the deposition of the other two decisionmakers, they have exhausted other less burdensome avenues.  Defendant argues that Coffey's testimony does not change the situation, and that Fetherston still has no special or unique knowledge of the survey.

The Court agrees with Plaintiffs.  The facts show that three officers were involved in the decision-making process for the survey.  Two of those officers have testified, and their testimony is apparently, to some extent, contradictory.  As such, it makes sense to depose the third officer.  Moreover, Plaintiffs are not demanding *carte blanche* to depose a CEO about any and all matters within the CEO's purview; they seek to question Fetherston about a specific survey in which he and two other officers were uniquely involved.  The Court thus finds that

Fetherston has unique or special knowledge of the decision-making process surrounding the survey and that Plaintiffs have exhausted other less burdensome avenues.

Plaintiffs have further offered to limit Fetherston's deposition to two hours of "on the record" time.  Doc. 150 at 3.  Defendant requests that the deposition also be limited to "the company's decision to conduct the survey." *Id.* at 5.  The Court finds both accommodations to be reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Canteen CEO, Peter Fetherston, shall appear in response to Plaintiffs' deposition notice within twenty-one (21) days, at a date and time convenient for all parties.  The deposition shall be limited to two (2) hours on the record and to questions relating to Canteen's decision to conduct the survey and Mr. Fetherston's role in that decision-making process.

**IT IS FURTHER ORDERED** that failure to comply with this Order may result in sanctions to be determined by the Court.

Dated this 14th day of February, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3