UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE and VIRGINIA CARTER et al., *on behalf of themselves and all others similarly situated*,<br><br>　　　Plaintiffs,<br><br>v.<br><br>COMPASS GROUP USA, INC., d/b/a CANTEEN,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:18-cv-01962-SEP<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' motion to compel the production of documents CG-0019044, CG-0021734, and CG-0021955, withheld by Defendant on a claim of privilege.[1] Doc. 157. The motion has been fully briefed, and the Court held a discovery conference on the matter on May 4, 2022. For the reasons set forth below, the motion is granted in part.

### I. CG-0019044

CG-0019044 is a Microsoft Excel spreadsheet that was originally withheld in its entirety on a claim of privilege. *See* Docs. 153 at 4; 155 at 3. After conferring with Plaintiffs, Defendant agreed to produce a redacted version of CG-0019044. *See id.* Plaintiffs argue that "[t]here is no basis to claim that any portion of this document is protected," and that the document should therefore be produced in its entirety. Doc. 153 at 4. Defendant responds that the redacted portions are irrelevant to this case, are not responsive to the original request for production,[2] and contain sensitive and confidential financial information. Doc. 155 at 3.

A party "may obtain discovery regarding any nonprivileged matter that is relevant to

---

[1] Plaintiffs originally requested the compelled production of a fourth document, CG-0019075, but Defendant has since produced that document in full. *See* Doc. 155 at 1 n.1.

[2] The request for production to which Plaintiffs argue the requested documents are relevant is Request Number 14: "Any and all documents that refer or relate to Compass's offer of discounts for cash transactions at Compass vending machines or that refer or relate to the implementation of that practice." Doc. 155 at 3.

1

any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Rule 26(b) . . . is widely recognized as a discovery rule which is liberal in scope and interpretation." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). The 2015 Amendment to Rule 26(b) "restored proportionality as an express component of the scope of discovery," though "the concept of proportionality existed under the prior Rule" as well. *Timm Grandview, LLC v. AmGUARD Ins. Co.*, 2021 WL 1120940, at *2 (D. Neb. Mar. 23, 2021) (citing Fed. R. Civ. P. 26(b)(1) advisory committee notes). Thus, "even if the requesting party meets the low threshold for demonstrating relevancy, the court will then consider whether the discovery is proportional to the needs of the case." *Id.* "[D]iscovery is not permitted where no need is shown, or compliance would be unduly burdensome." *Schwab-Vollhaber-Lubratt, Inc. v. Carson Design and Mfg., Inc.*, 2022 WL 610967, at *1 (D. Minn. Feb. 2, 2022) (citing *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)). The burden to show proportionality "is not placed rigidly on either litigant," *Timm Grandview*, 2021 WL 1120940, at *2; the court's responsibility is to use "all the information provided by the parties" to reach "a case-specific determination of the appropriate scope of discovery," *id.* at *3 (quoting Fed. R. Civ. P. 26 advisory committee's notes to 2015 Amendment).

Based on the parties' written and oral arguments, the Court finds that the information contained in CG-0019044 is sufficiently relevant and proportional to fall within the liberal sweep of Rule 26(b)(1). Plaintiff has met the "low threshold for demonstrating relevancy," *Timm Grandview*, 2021 WL 1120940, at *2, and there is no argument that it would be unduly burdensome to un-redact the information. Any concern about disclosure of sensitive information should be allayed by the parties' protective order, the efficacy of which the Court has no reason to doubt. Defendant must therefore produce CG-0019044 in its entirety.

## II.  CG-0021734 and CG-0021955

CG-0021734, which Defendant has withheld on a claim of privilege, is a Microsoft Power Point presentation titled, "2-15-19 Two Tier Pricing Agenda," and attached to an email from non-lawyer employee, Scott Devine, to non-lawyer employee, Doug Finck. *See* Doc. 153

at 5; Doc. 153-5. CG-0021955, which Defendant has also withheld on a claim of privilege, is a Microsoft Power Point presentation titled, "Power Point 3-11-19 Non Regulatory Canteen Cashless Two Tier Project Webinar," and attached to an email from non-lawyer employee Martha Morgan to Scott Devine. Doc. 153-7. According to Defendant, CG-0021734 and CG-0021955 are unique versions of the same Power Point presentation. Doc. 155 at 2. Plaintiffs claim that other documents obtained in discovery show that Devine was the individual responsible for the creation of the Power Point. Doc. 153 at 5. Defendant represents, and its privilege log notes, that the Power Point was "prepared by counsel in anticipation of litigation and to provide or obtain information for the purpose of providing legal advice regarding [the] two-tier survey." Doc. 155 at 2; Doc. 155-1.

"Under both Missouri and federal law, the party asserting the privilege has the burden of proof to demonstrate that the privilege applies to the documents at issue." *Gillespie v. Charter Communications*, 133 F. Supp. 3d 1195, 1200 (E.D. Mo. 2015); *see also Ratcliff v. Sprint Missouri, Inc.*, 261 S.W.3d 534, 549 (Mo. Ct. App. 2008) ("The party claiming that a privilege precludes discovery of a matter bears the burden to show the privilege applies.") (citation omitted).

Defendant represented at the discovery conference that CG-0021734 and CG-0021955 were attachments emailed to upper-level employees for the purpose of disseminating instructions, which were based on legal advice, to lower-level employees. Defendant argues that when a non-lawyer employee relays legal advice previously obtained from counsel to other non-lawyer employees, the attorney-client privilege still applies. Doc. 155 at 2-3 (citing *McCall v. Proctor & Gamble Co.*, 2019 WL 3997375, at *5 (S.D. Ohio Aug. 22, 2019)). The Court agrees.

The attorney-client privilege applies even when the client is a corporation. *See Upjohn Co. v. U.S.*, 449 U.S. 383, 390 (1981) (citation omitted). In the context of a corporation, the individuals who act on the attorney's advice "will frequently be employees beyond . . . [the] officers and agents responsible for directing the company's actions in response to legal advice." *Id.* The so-called "control group test," which limited the privilege in the corporate context to

3

officers and directors, "frustrates the purpose of the privilege," because the "attorney's advice will . . . frequently be more significant to noncontrol group members than to those who officially sanction the advice." *Id.* (citation omitted). Moreover, "the control group test makes it more difficult to convey full and frank legal advice to the employees who will put into effect the client corporation's policy." *Id.* (citation omitted). The Court thus agrees with Defendant and the court in *McCall* that, "in the corporate context, the attorney-client privilege extends to communications, between non-attorney employees, made to obtain or relay legal advice." *McCall*, 2019 WL 3997375, at *5. Based on Defendant's representations about the source and purpose of CG-0021734 and CG-0021955, as well as the Court's own review of their contents, they are protected by the attorney-client privilege.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to compel, Doc. 157, is **GRANTED in part** and **DENIED in part**. The motion is granted as to the redacted columns of document CG-0019044, which Defendant shall produce subject to the parties' protective order. The motion is denied as to documents CG-0021734 and CG-0021955, which are protected by attorney-client privilege.

Dated this 10th day of May, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE